UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THORE HOLM HANSEN,

        Plaintiff,

v.   Case No:   6:25-cv-117-ACC-LHP

HORACE SMITH, JR and R. J. LARIZZA,

        Defendants

## ORDER

Before the Court is Defendants' Motion for Protective Order and Motion to Stay Discovery and All Rule 26 Obligations, which motion has been referred to the undersigned. Doc. No. 33. Defendants seek a stay of discovery pending resolution of their motion to dismiss, which raises issues of *res judicata*, prosecutorial immunity, Eleventh Amendment immunity, the *Heck* doctrine, the statute of limitations, and lack of standing. *Id.*; *see also* Doc. No. 22. Plaintiff opposes. Doc. No. 35. Upon consideration, the Court finds Defendants' motion well taken.

"Normally, the pendency of a motion to dismiss . . . will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion.

Such motions for stay are rarely granted." Middle District Discovery (2021) § (I)(E)(4). That said, "unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden." *Id.* The moving party bears the burden of showing good cause to stay discovery. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997); Middle District Discovery (2021) § (I)(E)(4). In determining whether a stay of discovery is warranted, the Court must balance the harm produced by delay against the possibility that the dispositive motion will be granted and entirely eliminate the need for discovery. *Feldman*, 176 F.R.D. at 652. In making this determination, "it is necessary for the Court to take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Id*. at 652–53 (quotations omitted).

Upon preliminary review, Plaintiff sues R. J. Larizza, State Attorney for the Seventh Judicial Circuit, and Attorney Horace Smith Jr., with claims relating to Plaintiff's prosecution by Smith in a first degree murder case and Plaintiff's plea of no contest to the charge of accessory after the fact to first degree murder entered in 1978. Doc. No. 1; Doc. No. 5-1. Although the undersigned does not speak to the merits of the motion to dismiss the complaint, Doc. No. 22, upon preliminary review, and given the issues of immunity and statute of limitations, the undersigned finds a stay of discovery appropriate. *See Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) ("[A] magistrate has broad discretion

to stay discovery pending decision on a dispositive motion."); *Rivas v. Bank of N.Y. Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017) (finding district court's imposition of stay of discovery pending dispensation of a motion to dismiss was a proper exercise of judicial discretion); *see also Redford v. Gwinnett Cty. Jud. Cir.*, 350 F. App'x 341, 346 (11th Cir. 2009) (affirming stay of discovery pending resolution of motion to dismiss that raised claim of judicial immunity); *Sheets v. Bell*, No. 2:23-cv-35-JLB-KCD, 2023 WL 11724680, at *1 (M.D. Fla. Mar. 17, 2023) (granting motion to stay discovery where defendant moved to dismiss raising judicial immunity, Eleventh Amendment immunity, and *Younger* abstention arguments, and collecting authority "that claims of immunity often call for protection from discovery on the grounds that subjecting officials to traditional discovery concerning acts for which they are likely immune would undercut the protection immunity was meant to afford"); *McClamma v. Remon*, No. 8:12-cv-2557-T-33MAP, 2013 WL 1502190, at *2 (M.D. Fla. Apr. 12, 2013) (granting stay of discovery pending resolution of motion to dismiss that raised threshold questions of immunity); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla.), *aff'd*, 87 F. App'x 713 (11th Cir. 2003) ("While overall stays of discovery may be rarely granted, courts have held good cause to stay discovery exists wherein resolution of a preliminary motion may dispose of the entire action." (quotation marks omitted) (collecting cases)).

Accordingly, Defendants' Motion for Protective Order and Motion to Stay Discovery and All Rule 26 Obligations (Doc. No. 33) is **GRANTED**, and it is **ORDERED** that all discovery and Rule 26 obligations are hereby **STAYED** pending the Court's ruling on Defendants' motion to dismiss (Doc. No. 22).

**DONE** and **ORDERED** in Orlando, Florida on June 13, 2025.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties